UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

     - v. -            :

                       **08 CRIM 1345**

                       08 Cr.

JOSE M. LUCIANO,            :
    a/k/a "Gordo," and
ERNIS FEBUS,            :
    a/k/a "Joran,"

                  :

         Defendants.

- - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___DEC 3 0 200__

COUNT ONE

The Grand Jury charges:

1.  From in or about November 10, 2008, up to and including on or about December 18, 2008, in the Southern District of New York and elsewhere, JOSE M. LUCIANO, a/k/a "Gordo," and ERNIS FEBUS, a/k/a "Joran," the defendants, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the controlled substances laws of the United States.

2.  It was a part and an object of the conspiracy that JOSE M. LUCIANO, a/k/a "Gordo," and ERNIS FEBUS, a/k/a "Joran," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 50 grams and more of mixtures and substances containing a detectable amount of cocaine base, commonly known as "crack", in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A).

3.    It was further a part and an object of the conspiracy that JOSE M. LUCIANO, a/k/a "Gordo," and ERNIS FEBUS, a/k/a "Joran," the defendants, would and did distribute and possess with intent to distribute a controlled substance, to wit, 500 grams and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(B).

## Overt Act

4.    In furtherance of the conspiracy and to effect the illegal objects thereof, JOSE M. LUCIANO, a/k/a "Gordo," and ERNIS FEBUS, a/k/a "Joran," the defendants, committed the following overt acts, among others, in the Southern District of New York:

a.    On or about November 26, 2008, JOSE M. LUCIANO, a/k/a "Gordo," the defendant, traveled to the vicinity of 45th Street and Second Avenue and delivered approximately 120 grams of "crack", to a Confidential Source ("CS").

b.    On or about December 17, 2008, LUCIANO, and ERNIS FEBUS, a/k/a "Joran," the defendants, traveled to the vicinity of 45th Street and Second Avenue and delivered approximately one half of a kilogram of cocaine to a CS.

(Title 21, United States Code, Section 846)

## COUNT TWO

The Grand Jury further charges:

5.    On or about December 18, 2008, in the Southern District of New York and elsewhere, JOSE M. LUCIANO, a/k/a "Gordo,"

and ERNIS FEBUS, a/k/a "Joran," the defendants, unlawfully, intentionally, and knowingly would and did distribute and possess with intent to distribute a controlled substance, to wit, 500 grams and more of mixtures and substances containing a detectable amount of cocaine.

> (Title 21, United States Code, Sections 812, 841(a)(1), and
> 841(b)(1)(B); Title 18, United States Code, Section 2.)

## Forfeiture Allegation

6.   As a result of committing the controlled substances offenses alleged in Counts One and Two of this Indictment, JOSE M. LUCIANO, a/k/a "Gordo," and ERNIS FEBUS, a/k/a "Joran," the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. Section 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said controlled substances violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the controlled substances violations alleged in Counts One and Two of this Indictment.

## Substitute Asset Provision

7.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)


_____          _____
FOREPERSON                          LEV L. DASSIN
                                    Acting United States Attorney


4

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JOSE M. LUCIANO,
a/k/a "Gordo," and
ERNIS FEBUS,
a/k/a "Joran,"

Defendants.

## INDICTMENT

08 Cr.

(21 U.S.C. §§ 846 and 841(a)(1),
(b)(1)(B).)

LEV L. DASSIN
Acting United States Attorney.

A TRUE BILL

Foreperson.

*[handwritten: ...30/08 Filed Indictment Case assigned to Judge Lynch.]*

*[handwritten: of Mag. Judge Fay]*